

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

December 28, 1966

Honorable J. W. Edgar
Commissioner of Education
201 East 11th Street
Austin, Texas

Opinion No. C-791

Re: Application of Section 19
of Article 3271a, Vernon's
Civil Statutes, to public
school plant planning and
construction and related
questions.

Dear Mr. Edgar:

Your request for an opinion on the above subject matter asks the following questions:

"1. What does a proper compliance by a school district with Section 19 require or entail?

"2. As and if applicable to public school plant planning and construction, what is a 'public work involving professional engineering, where public, . . .health . . .or safety is involved', as used in Section 19?

"3. What is the meaning and limitation to be given the phrase: 'and the engineering construction is to be executed under the <u>direct supervision</u> of a registered professional engineer'?"

Section 19 of Article 3271a, Vernon's Civil Statutes, provides as follows:

"Sec. 19. After the first day of January, 1938, it shall be unlawful for this State, or for any of its political subdivisions, for any county, city, or town, to engage in the construction of any public work involving professional engineering, where public health, public welfare or public safety is involved, unless the engineering plans and specifications and estimates have <u>been prepared by</u>, and the

-3795-

engineering construction is to be executed under the direct supervision of a registered professional engineer; provided, that nothing in this Act shall be held to apply to any public work wherein the contemplated expenditure for the completed project does not exceed Three Thousand ($3,000.00) Dollars. Provided, that this Act shall not apply to any road maintenance or betterment work undertaken by the County Commissioners' Court." (Emphasis added)

The term "practice of engineering" is defined in Section 4 of Article 3271a, Vernon's Civil Statutes, as follows:

"(4) 'Practice of engineering,' or 'practice of professional engineering' shall mean any service or creative work, either public or private, the performance of which requires engineering education, training and experience in the application of special knowledge of the mathematical, physical, or engineering sciences to such services or creative work."

Professional engineer is defined as a person who has been duly licensed and registered by the Board of Registration for Professional Engineers.

Section 10 of Article 249a, Vernon's Civil Statutes, provides as follows:

"(a). Any person, or firm, who for a fee or other direct compensation therefor, shall engage in the planning, or designing, or supervising the construction of buildings to be erected or altered in this State, by or for other persons than themselves, as a profession or business, and shall represent or advertise themselves as architects, architectural designers, or other title of profession or business using some form of the word 'architect' shall be considered as practicing the profession of architecture in this State, and shall be required to comply with the provisions of this Act; and no person or firm shall engage in or conduct the practice of architecture as aforesaid in this State unless a registration certificate or certificates therefor have been duly issued to such person or the members of such firm as provided for by this Act, and no firm or partnership shall engage in, or conduct, the practice of architecture as aforesaid within this State except by and through persons to whom registration certificates have been duly issued,

and which certificates are in full effect; but nothing in this Act shall prevent draftsmen, students, clerks of works, superintendents, or other employees or assistants of those legally practicing architecture under registration certificates as herein provided for from acting under the instructions, control, or supervision of such registered architects.

"(b). Nothing in this Act shall prevent qualified professional engineers from planning and supervising work, such as railroads, hydroelectric work, industrial plants, or other construction primarily intended for engineering use or structures incidental thereto, nor prevent said engineers from planning, designing, or supervising the structural features of any building, but such engineers shall not employ the title 'architect' in any way, nor represent themselves as such, nor shall any engineer practice the profession of architecture as defined herein, unless he or she be registered as an architect under the provisions of this Act." (Emphasis added)

Pursuant to the provisions of Article 2654-3, Vernon's Civil Statutes, the Texas Education Agency established certain policies concerning plant planning and made the following recommendation concerning plans and specifications for public school buildings:

"It is recommended by the Texas Education Agency that the plans and specifications for construction of, adding to, or structural changes in any public school building be prepared by a registered architect. Experience has indicated that this expense is more than justified by better planning and construction." Texas Education Agency Bulletin 543 (Revised 1962) p. 5.

In 1965 the 59th Legislature amended the Texas Engineering Practice Act (Article 3271a, Vernon's Civil Statutes) leaving unchanged the provisions of Section 19, above quoted. Senate Bill 74, Acts of the 59th Legislature, Regular Session, ch. 85, p. 207.

Furthermore, the 59th Legislature enacted the State Building Construction Administration Act (Article 678f, Vernon's Civil Statutes) applying to all building construction projects undertaken by the State Building Commission with certain exceptions.

Subdivision (I) of Section 2 of Article 678f, Vernon's Civil Statutes, provides:

"(I)  'Architect/engineer' means a person registered as an architect pursuant to Acts of the 45th Legislature, Regular Session, 1937, Chapter 478, as amended (compiled as Article 249a of Vernon's Texas Civil Statutes) and/or a person registered as a professional engineer pursuant to Acts of the 45th Legislature, Regular Session, 1937, Chapter 404, as amended (compiled as Article 3271a of Vernon's Texas Civil Statutes) employed to provide professional architectural or engineering services and having overall responsibility for the design of a project.  The term 'Architect/engineer' standing by itself may, unless the context clearly indicates otherwise, mean either an architect/engineer employed by the Commission on a salary basis or an architect/engineer in private practice retained for a specific project under a contractual agreement with the Commission.  The term 'private architect/engineer' shall specifically and exclusively refer to a registered architect or a registered engineer in private practice retained for a specific project under a contractual agreement with the Commission."

We construe your recommendation contained in the Bulletin 543 to be in addition to the requirement of Section 19 of Article 3271a.  Thus, while the services of a registered architect, in addition to the services of a registered engineer, is deemed advisable, Section 19 of Article 3271a does not require the services of a registered architect but only the services of a registered engineer.  The services performed by an architect and the services performed by an engineer frequently overlap. 82 A.L.R.2d 1026.  It is generally held, however, that designing a building for another or the furnishing of plans and specifications for such building constitutes architectural services while engineering services require the application of structural, electrical or mechanical engineering principles and data.  82 A.L.R.2d 1014-1029.

In view of the foregoing, your questions are answered as follows:

(1)  Proper compliance of Section 19 of Article 3271a, Vernon's Civil Statutes, requires that the engineering plans and specifications (which includes the application of structural, electrical or mechanical engineering principles) must be prepared by, and executed under, the directions of a professional engineer.

Hon. J. W. Edgar, page 5 (C-791)

The overall plans and specifications for a building should, in accordance with the recommendation of the Texas Education Agency, be prepared by a registered architect.

(2) "Public work involving professional engineering, where public health, public welfare or public safety is involved" includes any school plant construction. It is inconceivable that any school plant could be constructed that did not involve either structural, electrical or mechanical engineering principles. All school plants affect public health, public welfare or public safety.

In response to your third question, we are unable to enumerate in detail and with certainty all duties to be performed by a registered professional engineer in the direct supervision of engineering construction under Section 19 of Article 3271a. In the absence of a specific factual situation, we can only state that he must be in a position to inspect and control, as each progresses, the various phases of the construction project which involve the "practice of engineering" as defined in Section 2 (4) of Article 3271a of Vernon's Civil Statutes.

S U M M A R Y

Section 19 of Article 3271a is applicable to all structural, electrical and mechanical engineering phases of all school plant construction by the various school districts of this State.

Yours very truly,

WAGGONER CARR
Attorney General

By: John Reeves
Assistant

JR:mh:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Malcolm Quick
Kerns Taylor
Paul Martin

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright